IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1878 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| TOWNSTONE FINANCIAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TOWNSTONE FINANCIAL, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Counter-plaintiff Townstone Financial ("Townstone") has brought a three-count counterclaim against counter-defendant Fifth Third Mortgage Company ("Fifth Third"). Count I alleges that Fifth Third breached the contract between Townstone and Fifth Third by failing to properly underwrite the loan at issue in this case. Count II alleges that Fifth Third breached its contract with Townstone by breaching the implied covenant of good faith and fair dealing. Count III alleges negligence against Fifth Third related to the underwriting of the loan. Fifth Third has moved to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Fifth Third's motion to dismiss the counterclaim is granted.

# FACTS[1]

On October 2, 2011, Townstone and Fifth Third entered into a Correspondent Lending Agreement (the "Agreement"), in which Townstone agreed to sell mortgage loans originated by Townstone to Fifth Third. The Agreement incorporates the terms of Fifth Third's Correspondent Seller Guide (the "Guide"), which outlines the process by which sellers submit loans and are approved for purchase. According to the Guide, Townstone is a non-delegated correspondent lender, which means that Fifth Third, not Townstone, is responsible for underwriting loans that Townstone sells to Fifth Third. Townstone provides a credit package to Fifth Third for each loan, and, in turn, Fifth Third completes the underwriting and issues an approval to purchase the loan. Once the purchase has been approved, Townstone prepares the closing documents and corrects any deficiencies that Fifth Third has requested. Additionally, the Agreement states multiple circumstances under which Townstone must repurchase the loans sold to Fifth Third. One of these enumerated circumstances is that Townstone agrees to repurchase the loan from Fifth Third if Fifth Third is obligated to repurchase the loan from Fannie Mae.

On September 11, 2012, Townstone closed a mortgage loan with borrower Phyllis Mitzen and submitted the credit package to Fifth Third. Fifth Third required Townstone to submit an updated appraisal on Mitzen's mortgaged property, which Townstone did. Fifth Third purchased the loan on October 2, 2012. On December 24, 2012, Fifth Third sold the loan to Fannie Mae. On August 7, 2013, Fannie Mae demanded that Fifth Third repurchase the loan due to two deficiencies: (1) the debt-to-income ratio had been improperly calculated, and the true

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for the purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1996).

ratio made the loan ineligible for purchase by Fannie Mae, and (2) because the updated appraisal showed a decline in value of the mortgaged property, a new appraisal was required but was not provided to Fannie Mae. Upon repurchasing the Mitzen loan from Fannie Mae, Fifth Third demanded that Townstone repurchase the loan. Townstone has refused to repurchase the loan because it alleges that Fifth Third, as underwriter, was responsible for ensuring that the documents in Mitzen's loan satisfied Fannie Mae's lending guidelines, including ensuring that the borrower's debt-to-income is acceptable.

On March 17, 2014, Fifth Third filed a lawsuit against Townstone for breach of contract, alleging that Townstone is in default because it refused to repurchase the Mitzen loan. Fifth Third is seeking actual damages of $420,781.17, the cost for Fifth Third to repurchase the loan, along with additional damages incurred. Townstone filed an answer and a counterclaim, alleging that Fifth Third breached the contract for failing to properly underwrite the loan, for violating the implied covenant of good faith and fair dealing, and that Fifth Third was negligent in failing to properly underwrite the loan. Fifth Third has moved to dismiss the counterclaim.

## **LEGAL STANDARD**

Fifth Third has moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of such a motion is to test the sufficiency of the counterclaim, not rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inference in Townstone's favor. McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The counterclaim must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the

3

speculative level. Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**DISCUSSION**

A.      **Count I: Breach of Contract for Failure to Properly Underwrite the Loan**

Townstone alleges that Fifth Third breached the Agreement by failing to properly underwrite the Mitzen loan because Fifth Third had the responsibility under the Guide to ensure that the loan documents satisfied Fannie Mae's guidelines. Because the Guide designated Townstone as a "non-delegated correspondent lender," Townstone argues that Fifth Third had the unconditional and exclusive duty to properly underwrite the loans.

Fifth Third argues that the Agreement is unambiguous that, even though Fifth Third was the underwriter, Townstone is required to repurchase the Mitzen loan, and therefore Townstone's claim for breach of contract is precluded by the express terms of the Agreement.

In considering a counterclaim, the court considers not only the counterclaim itself, but also the documents that are attached or are critical to the pleading. Phillips v. Prudential Ins. Co. of America, 714 F.3d 1017, 1019-20 (7th Cir. 2013). "To the extent that an exhibit attached to or referenced by the [counterclaim] contradicts the [counterclaim's] allegations, the exhibit takes precedence." Id. at 1020. The court therefore considers both the Agreement and the Guide in determining the terms of the contract between the parties.

Townstone is unable to point to any section of the Agreement or the Guide that states that it is Fifth Third's responsibility to ensure that the loans satisfy Fannie Mae's guidelines. Instead, Townstone relies on the provisions of the Guide that articulate Fifth Third's obligation to underwrite the loan. However, Section 1.3 of the Agreement specifically states that "[t]he fact

4

that [Fifth Third] has reviewed the Loan File either prior to the Closing Date or after the Closing Date or both, does not affect any of [Townstone's] obligations or [Fifth Third's] rights including repurchase or indemnification rights under this Agreement." The Agreement further states at § 3.1 that Townstone "agrees to repurchase any Loan File sold to [Fifth Third] pursuant to the agreement within thirty calendar days of receipt of written notice from [Fifth Third] of any of the following circumstances[:]… 3.1.8 If [Fifth Third] is obligated to repurchase the Loan File from…Fannie Mae." These two provisions, read in concert, demonstrate that the parties intended Townstone to assume loans that Fifth Third was required to repurchase from Fannie Mae, regardless of the fact that Fifth Third reviewed and approved the loan file.

Further, Section 3.1.4 states that Townstone is required to repurchase a loan if the mortgage is past due and Townstone, not Fifth Third, is the underwriter. This subsection specifically states that repurchase on the past due loan is required only if Townstone was the underwriter. Therefore, the parties clearly contemplated situations where the risk would shift depending on which party underwrote the loan. Reading Section 3.1.8 in conjunction with Section 3.1.4 clearly indicates that the parties allocated the risk of a forced repurchase from Fannie Mae onto Townstone regardless of whether Fifth Third was the underwriter.

The court agrees that the express terms of the Agreement preclude Townstone's claim that Fifth Third breached the contract for improperly underwriting the Mitzen loan. Accordingly, Fifth Third's motion to dismiss Count I is granted.

B.  **Count II: Breach of Contract for Violation of Implied Covenant of Good Faith and Fair Dealing**

In Count Two, Townstone alleges that Fifth Third breached its obligations under the Agreement by breaching the implied covenant of good faith and fair dealing in its attempt to enforce the terms of the Agreement against Townstone despite Fifth Third's own allegedly negligent underwriting practices. Fifth Third argues in response that there is no cause of action for breach of covenant of good faith and fair dealing under Ohio law.[2] Townstone counters that Count II is not a tort claim for breach of the duty of good faith and fair dealing, but rather is a claim of breach of contract based on breach of good faith and fair dealing, which Ohio law recognizes.

Townstone cites Littlejohn v. Parrish, 839 N.E.2d 49, 54 (Ohio App. 1 Dist. 2005), in which the appellate court concluded that although there is not a separate cause of action for breach of the implied covenant of good faith and fair dealing, the covenant is part of a contract and can form the basis of a breach of contract claim. Id. ("We hold that a party can be found to have breached its contract if it fails to act in good faith."). The Littlejohn court cited the Colorado Supreme Court in defining the implied duty of food faith and fair dealing, stating that the duty "is generally used to effectuate the intentions of the parties or to honor their reasonable expectations and applies when one party has discretionary authority to determine certain terms of the contract." Id. at 55 (citing Amoco Oil Co. v. Ervin (Colo.1995), 908 P.2d 493, 498). The Littlejohn court therefore held that "[a]ny agreement—whether a lease, a secured loan, or

---

[2] The parties agree that Ohio law governs this dispute, and the court agrees that the choice of law clause of the Agreement controls.

something else—has an implied covenant of good faith and fair dealing that requires not only honesty but also reasonableness in the enforcement of the contract." Id.

Although Ohio law recognizes a cause of action for breach of contract for breach of good faith and fair dealing, Townstone has not alleged facts sufficient to state such a claim. Townstone alleges that Fifth Third breached its duty of good faith and fair dealing by negligently performing the underwriting of the Mitzen loan. Negligence, however, is not equivalent to a failure to act in good faith. Wasserman v. Buckeye Union Cas. Co., 32 Ohio St. 2d 69, 73, 290 N.E.2d 837, 840 (1972). Townstone has not alleged malice or any gross negligence that would amount to bad faith. Further, the court has already determined that the terms of the contract unambiguously state that Townstone must repurchase rejected files from Fifth Third, regardless of the cause of the rejection. Enforcement of this contract provision cannot constitute the basis for the breach of contract. Finally, Townstone has not alleged, and the Agreement does not confer, discretionary authority by Fifth Third to "determine certain terms of the contract." See Littlejohn, 839 N.E.2d at 55. The court therefore grants Fifth Third's motion to dismiss Count II of the counterclaim.

## C. Count III: Negligence

Townstone argues that Fifth Third breached its duty of care to Townstone by negligently failing to ensure that the Mitzen loan met Fannie Mae's lending guidelines. Fifth Third asserts that the economic loss doctrine, which requires there to be physical injury when one asserts negligence, precludes the negligence claim. Fifth Third relies on Ohio Supreme Court precedent in Corporex Development & Construction Management, Inc. v. Shook, Inc., 835 N.E.2d 701 (Ohio 2005), which holds that "the economic-loss rule generally prevents recovery in tort of

7

damages for purely economic loss." Id. at 704. In Corporex, the Ohio Supreme Court concluded that the plaintiff project owner could not maintain a claim against the defendant subcontractor based on the subcontractor's negligence in failing to perform the work he contracted to complete due to the economic loss doctrine.

Townstone relies on two cases from Ohio appellate courts to argue that Ohio law authorizes negligence claims related to breach of contract, and that Count III may survive the motion to dismiss. First, Townstone relies on Thompson v. Germantown Cemetery, 934 N.E.2d 956, 960 (Ohio App. 2 Dist. 2010). Thompson, however, is inapposite to the instant case because the plaintiff in Thompson alleged emotional distress and sought related damages; Thompson was not a case of pure economic loss. Second, Townstone relies on Hubbell v. Xenia, 885 N.E.2d 290 (Ohio App. 2 Dist. 2008), in which the court stated that, while "breach of contract is not ordinarily a tort, a common-law duty to perform with care…is incidental to every contract, and the negligent failure to observe the conditions may constitute a tort." Id. at 295. Hubbell does not acknowledge the economic loss rule or attempt to distinguish Corporex. Because Townstone has offered no authority to rebut the precedent of the Ohio Supreme Court precluding negligence actions for pure economic loss, the court finds that Townstone's negligence claim is precluded by Ohio law. Accordingly, Fifth Third's motion to dismiss Count III is granted.

## CONCLUSION

For the reasons discussed above, Fifth Third's motion to dismiss the counterclaim is granted. The parties are directed to file a Joint Status Report consistent with this court's form on or before September 22, 2014. This matter remains set for status on September 30, 2014.

**ENTER:** September 3, 2014

_____
**Robert W. Gettleman**
**United States District Judge**

8